(56 Misc. Rep. 634.)

### SAWYER v. DEICKEN et al.

(Supreme Court, Appellate Term. December 12, 1907.)

1. BROKERS—ACTION FOR COMMISSIONS—EVIDENCE—CUSTOMARY TIME OF PAYMENT.

In an action for commissions on the sale of merchandise, where the contract made no provision as to the time when the commissions were payable, evidence as to custom in the city where both parties lived was admissible on that question.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 113.]

2. SAME—QUESTIONS FOR JURY.

In an action for commissions on merchandise whether a custom existed as to time of payment of commissions and whether the parties contracted with reference thereto, held for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 121–129.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Francis M. Sawyer against George W. Deicken and another. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Paskus, Cohen, Lavelle & Gordon, for appellants.

I. S. Lambert, for respondent.

BRUCE, J.  This is an action for commissions on the sale of merchandise.  The defendants were the selling agents of the manufacturer. They made an agreement with the firm, of which the plaintiff was a member, and to whose rights he had succeeded, for the exclusive sale of these goods within a limited territory.  The agreement was verbal, and nothing was stated as to when the commissions were payable.  Plaintiff's firm secured a number of orders, which were accepted by the defendants, but the goods were never delivered, on account of the failure of the manufacturers.  The defendants, upon the trial, offered evidence to prove that there was a uniform, well-settled custom or usage among commission houses in this city, that being the location of the houses of both parties herein, when commissions for the sale of goods of this character are payable.  This evidence was excluded, to which the defendants duly excepted.  The exclusion of this evidence was highly prejudicial to the defendants, and constitutes reversible error.  The contention of the defendants throughout the trial was that the commissions were not payable under the contract until the goods were charged as delivered to the customer, and that this was in accordance with the uniform usage in the trade in this market in the sale of such goods, and that the parties, all of whom were old commission men, by leaving their agreement silent upon this subject, must be deemed to have contracted with reference to this well-established custom.  I think that this evidence should have been admitted, and that it was for the jury to determine whether or not such a custom existed, and if it did whether or not the parties contracted with reference thereto.  Underwood v. Greenwich Ins. Co., 161 N. Y. 413–423, 55 N. E. 936; Horst v. Lovdal, 113 App. Div. 277, 98 N. Y. Supp. 996.  The cases relied upon by the respondent are not applicable to the facts here.  They refer to the well-established law with reference to the payment of commissions on the sale of real property, and are not controlling in commercial transactions in the sale of merchandise.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.